**Electronically Filed
Intermediate Court of Appeals
30309
26-JUL-2013
08:43 AM**

NO. 30309

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RONALD ALAN OBER and WILLIAM S. GARDNER, Plaintiffs-
Appellees, v. ERIC AARON LIGHTER; ERIC AARON LIGHTER,
as Trustee of Credit Bureau International Trust and as
Trustee of Integrity Five Trust, Defendants-Appellants,
and MITCH C. WALLIS, as Trustee of Volcano Ventures
Trust; JOAN ELIZABETH PRESCOTT, as Trustee of Credit
Bureau International Trust; CREDIT BUREAU INTERNATIONAL
TRUST, a Hawaii Trust, SQUARE ROOT OF 25 LTD., a Hawaii
Corporation, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 99-217)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Defendant-Appellant Eric Aaron Lighter (Lighter)
appeals from[1] the January 11, 2010 "Order Denying Eric Aaron
Lighter's Motion for Relief From Judgment (filed September 3,
2009)" entered by the Circuit Court of the Third Circuit (Circuit
Court).[2]

In this appeal, Lighter designates five points on
appeal:

---

[1] Although Lighter refers to a number of judgments and orders in his
notice of appeal, the only appealable order from which his notice was timely
was the January 11, 2010 order denying his motion for relief from judgment.
Hawaii Revised Statutes § 641-1(a). Therefore, we do not have jurisdiction
over Lighter's appeal as to any other orders or judgments.

[2] The Honorable Glenn S. Hara presided.

1. Did the Court below error [sic] regarding its ignoring [Ronald Alan Ober (Ober)] et al. keeping and/or controlling both the [Second Street Property (SSP)] and the $45,000 cash tender therefore? [sic] Likewise, did the Court below error [sic] regarding its ignoring the post-trial newly discovered evidence in the value of said liquidated jewelry judgment, of which $45,000 is owned [sic] by [Ober] et al?

2. Did the Court below error [sic] regarding its ignoring [Ober], et al. keeping and/or controlling both the [Old Volcano Highway Property (OVHP)] and the now $400,000 first lien secured tender therefore? [sic] Likewise, did the Court below error [sic] regarding its ignoring the post-trial newly discovered evidence of the value of said two $100,000 notes secured by valuable, sold hotel and development right?

3. Did the Court below error [sic] regarding the fact that it relied upon double hearsay of a foreclosure of said development rights verses [sic] at least 5 final orders and 2 judgments which agree with the position of [Lighter] et al?

4. Did the Court below error [sic] regarding its ignoring other post-trial newly discovered evidence of the value of said consideration being still wrongfully kept by [Ober] et al, including in the well document [sic] and supplemented motion by [Lighter] made chiefly pursuant to Rules 60(b) HRCP?

5. Did the Court(s) error [sic] regarding multiple rulings made herein despite failure of and/or defective jurisdiction variously [sic] over subject matter and unserved parties, as well as fraud on the Court(s).

After a careful review of the issues raised and the arguments made by the parties in light of the record in this case and the applicable statutory and case authority, we resolve Lighter's appeal as follows.

Lighter has failed to demonstrate that the Circuit Court abused its discretion when it denied his Hawai'i Rules of Civil Procedure (HRCP) Rule 60(b) motion for relief from judgment. Beneficial Hawai'i, Inc. v. Casey, 98 Hawai'i 159, 164, 45 P.3d 359, 364 (2002). All of Lighter's points relate to the issue of whether good and sufficient consideration was given by him in the transactions regarding the OVHP and SSP. In the parties' first appeal in this case, Ober v. Lighter, 118 Hawai'i 209, 187 P.3d 593, No. 26964 (App. Feb. 28, 2008) (mem.), this court decided that, as Lighter fraudulently induced Ober to

2

convey the OVHP and to assign the Lease and Option to Purchase the SSP, the Circuit Court was correct in ordering the rescission of both transactions.  Thus, whether there was consideration for these transactions would not affect the validity of the judgment and would not be a basis for granting his motion.

Similarly, whether Ober returned the items Lighter tendered to Ober in consideration for these transactions would not affect the validity of the judgment but may, if he did not comply with the terms of the amended judgment following remand, be the basis for a motion to enforce the amended judgment.

Therefore, the Circuit Court of the Third Circuit's January 11, 2010 "Order Denying Eric Aaron Lighter's Motion For Relief From Judgment (filed September 3, 2009)" is affirmed.

DATED:  Honolulu, Hawai'i, July 26, 2013.

On the briefs:

Eric Aaron Lighter
Defendant-Appellant, pro se.

Enver W. Painter, Jr.,
for Plaintiff-Appellee,
Ronald Alan Ober.

Chief Judge

Associate Judge

Associate Judge

3